# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| In re: | : | Case No. 18-50256 |
|---|---|---|
| Adam S. Breon | | |
| Rebekah L. Breon | : | Chapter 13 |
| Debtors. | : | Judge John E. Hoffman, Jr. |

## REPLY TO DEBTORS' MEMORANDUM OPPOSING TRUSTEE'S MOTION TO MODIFY PLAN (Doc. 56)

Now comes Faye D. English, Chapter 13 Trustee herein ("Trustee"), and submits this Reply to Debtors' Memorandum Opposing Trustee's Motion to Modify Plan (Doc. 56) (the "Memorandum").

Adam S. Breon and Rebekah L. Breon ("Debtors") filed this Chapter 13 case on January 18, 2018. While these below median debtors were only required to commit their disposable income for 36 months, they were unable to propose a plan that lasted only 36 months. For cause, the plan was extended to 50 months and confirmed on September 13, 2018. *See* Order Confirming Chapter 13 Plan and Awarding Attorney Fees (Doc. 43).

On or about April 16, 2019, Debtors submitted a copy of their 2018 federal income tax return to the Trustee. The return indicates that the Debtors are entitled to receive a refund in the amount of $8,451.00. The terms of the confirmed plan provide that the Debtors "may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund . . . and shall turnover any balance in excess of such amount to the Trustee." *See* Amended Chapter 13 Plan, ¶8.2 (Doc. 40).

As required, Debtors paid $532.00 to the Trustee and retained the remaining $7,919.00 (earned income credit in the amount of $3,719.00 plus additional child tax credit in the amount of

$4,200). The confirmed plan provides that "tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors." *See* Amended Chapter 13 Plan, ¶8.2 (Doc. 40). Consistent with this provision, Trustee seeks in her Motion to Modify Chapter 13 Plan ("Motion") to administer $532.00 from Debtors' 2018 federal income tax refund and to increase the dividend paid to unsecured creditors from 4% to 5.014%.[1] Debtors oppose the Motion, asserting that the refund should be applied to pay the confirmed chapter 13 plan rather than administered for the benefit of creditors by increasing the dividend paid to unsecured creditors.

Debtors cite no cases to support their position that the tax refund should be applied to reduce the plan length rather than increasing the dividend paid to unsecured creditors. In the absence of precedent in this jurisdiction,[2] the Trustee looks to cases in other jurisdictions. In New Hampshire, the Court found that:

> Nothing in §1322 states, or even suggests, that below median debtors are not required to submit their disposable income to fund their chapter 13 plan for the full term of the plan. Thus, §1325(b)(1) acts solely to set the minimum term of a chapter 13 plan that debtors may be compelled to propose. If a below median debtor elects to propose a longer term than three years, and the Court for cause approves such longer term, the requirements for payment of disposable income in years four and five of the plan remain the same as those in the first three years of the plan. Nothing in the language or policies of the Bankruptcy Code suggest otherwise.

*In re Rodger*, 423 B.R. 591, 595 (Bankr. D.N.H. 2010).

In the Eastern District of Wisconsin, the Court stated "income tax refunds are disposable income as long as the plan is in effect, and section 1325(b)(1)(B) requires that this disposable income be used to pay *unsecured* creditors. By using these refunds to shorten the plan, the debtor's proposal in this case is directing those payments to *secured* creditors, who are the only recipients

---

[1] Debtors appear to be under the mistaken belief that the Trustee seeks to extend the plan by increasing the dividend (see Response, ¶6); however, increasing the dividend will not cause the plan to run any longer than it is already running – 52 months from the date of filing.

[2] Many cases in the Sixth Circuit address whether a tax refund is disposable income, but it seems no cases address the narrow issue of how a tax refund is treated in a below median income case.

of distributions under this plan." *In re Nunez,* 2010 Bankr. LEXIS 641, *9. The Court further stated: "when payments of income tax refunds are paid into the plan, they must be paid to unsecured creditors." Id at *10.

Applying the foregoing authority to the case at bar, the excess tax refund in the amount of $532.00 must be paid to unsecured creditors by way of increasing the unsecured dividend. If Debtors wish to shorten the length of the plan, they may adjust their withholdings and increase their monthly plan payment, or they can pay into the plan all or a portion of the $7,919.00 they were permitted to retain. But they cannot use the excess portion of their tax refund to shorten the plan length at the expense of unsecured creditors.

Wherefore, the Trustee respectfully requests that the Motion to Modify Plan be granted, that Debtors' objection be overruled, and that this Court grant such other and further relief as it deems just and proper.

          Respectfully submitted,

          /s/ Stacey A. O'Stafy
          Faye D. English, Chapter 13 Trustee
          Stacey A. O'Stafy (0070386), Staff Attorney
          10 West Broad Street, Suite 900
          Columbus, OH 43215
          Phone: (614) 420-2555
          Facsimile: (614) 420-2550
          stacey.ostafy@ch13columbus.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Reply to Debtors' Memorandum in Opposition to Trustee's Motion to Modify Plan was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **ordinary U.S. Mail** on May 16, 2019 addressed to:

Adam and Rebekah Breon
9260 Hite Road
West Liberty, OH 43357

                                               /s/ Stacey A. O'Stafy
                                               Stacey A. O'Stafy (0070386)